IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MATHIS KEARSE WRIGHT JR., | : | |
| Plaintiff, | : : : | |
| v. | : : | CASE NO.: 1:14-cv-42 (WLS) |
| SUMTER COUNTY BOARD OF ELECTIONS AND REGISTRATION, | : : : : | |
| Defendant. | : : | |

## ORDER

Before the Court is Plaintiff Mathis Kearse Wright Jr.'s pro se motion for a preliminary injunction. (*See* Doc. 1.) For the reasons that follow, Wright's motion is **DENIED**.

### I.   Procedural Background

Plaintiff Mathis Kearse Wright Jr., proceeding pro se, filed a motion for a preliminary injunction on March 7, 2014, seeking to enjoin two elections for the Sumter County Board of Education. Wright contends the elections violate Section 2 of the Voting Rights Act because the State of Georgia's redistricting of the Sumter County Board of Education dilutes the black vote by "packing" minority voters into districts and by reducing the number of districts from nine to five with two at-large seats. On March 14, 2014, the Court heard evidence on the motion. After review of the Complaint and evidence, the Court concludes Wright failed to establish the prerequisites for a preliminary injunction.

### II.   Discussion

A movant seeking a preliminary injunction must show (1) a substantial likelihood of success on the merits; (2) an irreparable injury in the absence of an injunction; (3) his injury exceeds any injury to the defendant caused by the injunction;

1

(4) an injunction would not be adverse to the public interest. *Ga. Latino Alliance for Human Rights v. Gov. of Ga.*, 691 F.3d 1250, 1262 (11th Cir. 2012). In the Eleventh Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four prerequisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 1306 (11th Cir. 1998).

### A.  Substantial Likelihood of Success on the Merits

Wright did not establish a substantial likelihood of success on the merits. First of all, Wright's primary theory of the case—that Section 2 requires the Court to mandate a nine-district school board—was flawed from its inception. In *Holder v. Hall*, 512 U.S. 874 (1994), a divided Supreme Court held that federal courts cannot mandate as a Section 2 remedy that a state or political subdivision alter the size of its elected bodies, *Nipper v. Smith*, 39 F.3d 1494, 1531–32 (discussing *Holder*). "Because nothing in the Voting Rights Act suggests an intent on the part of Congress to permit the federal judiciary to force on the states a new model of government, any remedy for a Voting Rights Act violation must come from within the confines of the state's system of government." *Dillard v. Baldwin Cnty. Comm'rs*, 376 F.3d 1260, 1268 (11th Cir. 2004) (quoting *Nipper*, 39 F.3d at 1531, 1533) (citations, alterations, and quotation marks omitted). So Wright cannot mount a successful dilution claim merely by quarreling with the size of the Sumter County School Board or by arguing that the new system is retrogressive. *See Lowery v. Deal*, 850 F. Supp. 2d 1326, 1334–36 (N.D. Ga. 2012); *see also Holder*, 512 U.S. at 884 ("Plaintiffs could not establish a Section 2 violation merely by showing that a challenged reapportionment or annexation . . . involved a retrogressive effect on the political strength of a minority group." (quoting S. Rep. No. 97-417, p. 68, n. 224 (1982)).

And even if the Court construes Wright's Complaint and contentions liberally to state cognizable claims, he still failed to establish a substantial likelihood of success on the merits.[1] To prove a Section 2 dilution claim, Wright had to satisfy the "necessary preconditions" for a dilution claim set forth in *Thornburg v. Gingles*, 478 U.S. 30 (1986). Under *Gingles*, a plaintiff must show that the minority group "is sufficiently large and

---

[1] The Court notes that Wright did not verify his Complaint.

geographically compact to constitute a majority in a single-member district"; (2) that the group is "politically cohesive"; and (3) that "the white majority votes sufficiently as a block to enable it . . . usually to defeat the minority's preferred candidate." 478 U.S. at 50–51. "[A] court cannot find vote dilution unless the plaintiffs prove *all* of the necessary factors." *Johnson v. Hamrick*, 296 F.3d 1065, 1073 (11th Cir. 2002) (emphasis in original). Wright did not establish any of these factors. He did not present any statistical evidence or data sufficient to establish any of the *Gingles* criteria. And although Wright produced evidence of the racial makeup of the nine existing districts, this evidence alone was insufficient to establish the prerequisites of his claim for preliminary injunction purposes.

Wright did not satisfy the first *Gingles* factor. The Eleventh Circuit has "repeatedly construed the first *Gingles* factor as requiring a plaintiff to demonstrate the existence of a proper remedy." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1199 (11th Cir. 1999). Beyond his request that the Court "order districts for the Sumter County, Georgia School Board to have nine districts only," which the Court cannot command, Wright did not propose or identify any scheme or district division—a benchmark—that would provide black voters better access to the political process. "[A] court cannot determine whether the voting strength of a minority has been impermissibly diluted without having some alternative electoral structure in mind for comparison." *Nipper*, 39 F.3d at 1533. Wright's failure to identify an alternative scheme is fatal to his dilution claim. In effect, without any evidence to support it, he asserts that the nine-district scheme is better than the successive scheme, the subject of the May election.

Wright's evidentiary showing on the second and third *Gingles* factors were also inadequate. For the second prerequisite, Wright had to show that black voters are "politically cohesive." *Gingles*, 478 U.S. at 51. The sole evidence the Court heard on this claim came from Willa Fitzpatrick, a current school board member, who testified during cross-examination that it was "not a secret" that voters in Sumter County vote along racial lines. Besides this anecdotal evidence, Wright did not produce evidence in the form of statistics, history, or otherwise to show whether black voters are politically

3

cohesive. The Court finds Fitzpatrick's opinion alone is insufficient to support a preliminary injunction.

Finally, on the third *Gingles* factor, a plaintiff must show "not only that whites vote as a bloc, but also that white bloc voting *regularly causes* the candidate preferred by black voters to lose." *Johnson*, 296 F.3d at 1074 (quoting *Johnson v. Hamrick*, 196 F.3d 1216, 1221 (11th Cir. 1999) (emphasis in original)). In this respect, evidence of a pattern of racial bloc voting is more probative than the results of a single election. *Id.* Witness Edith Green gave the only arguable—though unavailing—testimony regarding white bloc voting. During cross examination, she provided three examples of black candidates who were defeated in at-large elections by white candidates. One of Green's examples, a justice of the peace election, occurred more than fifty years ago. The problem is, regardless of the outcomes of those elections, neither Wright nor Green produced any evidence to show that a white voting bloc *caused* those black candidates to lose. In short, Wright produced scant evidence of how white and black citizens actually vote in Sumter County, and the Court cannot simply assume they vote by race.

The Court therefore concludes Wright failed to carry his burden of establishing a substantial likelihood of success on the merits as to the upcoming May 2014 election. And the Court reaffirms its conclusion that Wright did not have standing to challenge the March election. The Voting Rights Act allows an "aggrieved person" to file suit to enforce his or her right to vote. 42 U.S.C. 1973a. Federal courts have interpreted this term to require constitutional standing. *Broward Citizens for Fair Districts v. Broward County*, No. 12-60317-CV, 2012 WL 1110053, at *3 (S.D. Fla. Apr. 3, 2012); *Perry-Bey v. City of Norfolk, Va.*, 678 F. Supp. 348, 362 (E.D. Va. Jan. 15, 2009). In his Complaint and during the hearing, Wright appeared to allege that voters in Sumter County were deprived of an opportunity to elect a black candidate in District 5 because incumbent Carolyn Whitehead was prevented from qualifying for the election by her employer. But Plaintiff admits in his Complaint he is a voter in District 6. Because Wright is not a voter in District 5, he has not shown how his right to vote for the candidate of his choice was abridged. *See Perry-Bey*, 678 F. Supp. at 363–64 (holding that plaintiff did not

establish standing under VRA because he did not show he was a registered voter). *Cf. United States v. Hays*, 515 U.S. 737, 745 (1995) (holding that plaintiff lacked standing to bring racial gerrymandering claim because he did not reside in the challenged district).

### III.   Conclusion.

For those reasons, Wright's motion for a preliminary injunction is **DENIED**. As the Court instructed Wright during the hearing, he is encouraged to seek assistance of counsel because of the complexity of a Section 2 claim. The Court will notice the Parties by separate Order to prepare a joint proposed scheduling and discovery order. This case shall proceed on the merits.

**SO ORDERED**,   3rd   day of April, 2014.

                                      /s/ W. Louis Sands
                                      **W. LOUIS SANDS, JUDGE**
                                      **UNITED STATES DISTRICT COURT**