# GATEWOOD, SKIPPER & RAMBO, P. C.

### Attorneys at Law
#### 410 WEST LAMAR STREET
#### POST OFFICE BOX 488
#### AMERICUS, GEORGIA  31709

JAMES C. GATEWOOD
JAMES M. SKIPPER, JR.
WILLIAM W. RAMBO
G. BARDIN HOOKS, JR.

TELEPHONE: (229) 924-9316
TELECOPIER: (229) 924-6248
*REAL ESTATE FACSIMILE: (229) 931-9097*

January 19, 2012

*Via e-mail:* <u>vot1973c@usdoj.gov</u>
*and via United Parcel Service*

Chief, Voting Section
Civil Rights Division
Room 7254 - NWB
United States Department of Justice
1800 G Street, N.W.
Washington, D.C.  20006

*Via United Parcel Service*
*Article No. 1Z 3X2 830 22 1004 4669*

Mr. T. Christian Herren, Jr.
Chief, Voting Section

*Via United Parcel Service*
*Article No. 1Z 3X2 830 22 1004 4758*

U.S. Department of Justice
Civil Rights Division
Voting Section – NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

RE:   Submission of Sumter County Board of Education
      Pre-Clearance of Redistricting Plan Under 2010 Census
      Submission Under Section 5 of the Voting Rights Act
      Our File Nos. 8421/770J and 8421/994J
      Your File Nos. 2011-3249 and 2011-4261

Gentlemen:

This letter is in response to your January 3, 2012 letter regarding the reduction in members on the Sumter County School Board and the 2011 redistricting plan. Your letter had requested additional information, which is enclosed. The paragraph numbers below mirror the paragraph numbers in your January 3, 2012 letter.

### REQUEST 1.

Election returns for all board elections in which a minority candidate has participated since 2002 are enclosed. The specific elections covered are listed in the following table. Race,





DEFENDANT'S
EXHIBIT
1

United States Department of Justice
January 19, 2012

Page 2

gender, and incumbency of each candidate are indicated. Incumbency by election is indicated as "(I)"; incumbency by appointment is indicated by "(I*)".

| YEAR | DST | CANDIDATE(S) |
|------|-----|--------------|
| 2002 | 3 | Darius J. Harris (B-M)(I*); Donna Minich (W-F); Carol Barner Seay (B-F) |
| 2002 | 8 | Edith Ann Green (B-F)(I); Betty J. Ware (B-F) |
| 2002 | 9 | Harvey Claiborne, Sr. (B-M); Alice Green (B-F)(I*); Frederick McLaughlin (B-M) |
| 2004 | 1 | Carolyn Whitehead (B-F) (I) |
| 2004 | 4 | Farrell Wilson (B-M) |
| 2006 | 3 | Darius J. Harris (B-M); Donna Minich (W-F) (I); Carol Barner Seay (B-F) |
| 2006 | 8 | Edith Ann Green (B-F) (I) |
| 2006 | 9 | Alice Green (B-F) (I); Frederick McLaughlin (B-M) |
| 2008 | 1 | Stefannie McCook (W-F); Carolyn Whitehead (B-F) (I) |
| 2008 | 4 | Willa Fitzpatrick (B-F) (I*) |
| 2010 | 3 | Donna Minich (W-F) (I); Kelvin Pless (B-M) |
| 2010 | 8 | Edith Ann Green (B-F) (I) |
| 2010 | 9 | Alice Green (B-F) (I) |

Full election returns are contained in a Microsoft Excel file (.xlsx) on the enclosed compact disc (Exhibit 1). Please note that the enclosed election returns contain all of the data that you requested that is available from the Sumter County Elections Board. Vote totals for each election are broken down by precinct. The total current number of "active" voters by race, gender, and precinct are also included. The Elections Board is unable to provide total registered voters, since "active" voters is the statistic that the Elections Board utilizes. In addition, the Elections Board is unable to provide registered voters for past elections, and likewise has no information on voters by race for each election. We have requested that the Elections Board attempt to obtain that racial information from the Georgia Secretary of State's office, but as of the date hereof, the Elections Board has had no response from that office. If we are able to obtain that additional information, we will forward it to you upon receipt.

## REQUEST 2.

(a)   **Senate Bill 154.** The reduction in size of the Board of Education was discussed in various public meetings of the Board over several months in 2010. According to minutes of the school board's meetings, these public meetings of the school board regarding the size reduction proposal were held on June 17, 2010, November 11, 2010, and December 9, 2010. The Board approved the size reduction at each of these meetings, with the final unanimous approval occurring at the Board's December 9, 2010, meeting. Each of these meetings were public meetings, and members of the public had the opportunity to sign up to speak to the Board

United States Department of Justice
January 19, 2012

Page 3

regarding matters of concern to such member of the public, including any concerns relating to
the consideration by the Board of a reduction in size of the Board. The resolution (Exhibit 2)
requesting the local legislative delegation to have drafted and introduce local legislation during
the 2011 session of the Georgia General Assembly reducing the number of members on the
Board of Education from nine to seven was adopted by a unanimous vote of 9-0 on December 9,
2010. A copy of the legal advertisement regarding the intention to have local legislation
introduced for this purpose was published in the local legal organ on February 4, 2011, and a
copy of that notice is enclosed with the Exhibit 2 attachments. Minutes of all Board of
Education meetings where a reduction in the size of the Board were discussed are also enclosed
as Exhibit 2. The school board does not keep a record of the names or daytime telephone
numbers of any persons making comments to the board except as that information may appear in
the attached minutes.

The meetings at which the Board discussed a reduction in membership from nine (9) to seven (7)
members are listed in the following table. The description is the actual text transcribed from the
meeting minutes.

| DATE | DESCRIPTION |
|---|---|
| 6/17/2010 | The [Finance] committee recommended a reduction in the size of the Board to five or seven to align with the county commission districts with details to be worked out later; motion carried five in favor (Mr. Goodin, Mrs. Krenson, Mrs. Minich, Dr. Busman & Mr. Mock); three opposed (Ms. Whitehead, Ms. A. Green & Ms. Fitzpatrick). |
| 11/11/2010 | A motion was made by Mr. Goodin; seconded by Mrs. Fitzpatrick to pursue a resolution to reduce the board to seven members; motion carried unanimously. |
| 12/9/2010 | A motion was made by Mr. Goodin; seconded by Mrs. Krenson to approve a resolution to introduce local legislation providing for a reduction in the number of board members; motion carried unanimously. |

(b) **O.C.G.A. § 20-2-52.** It should also be pointed out that during the time frame in 2010 that
the Board of Education was discussing and considering the reduction in its size, the Georgia
General Assembly adopted and the Governor signed into law an amendment to O.C.G.A.
§ 20-2-52 (Ga. Laws 2010, Act 463) which provides that it is the policy of the State of Georgia
that local school boards have no more than seven members on the Board. While this statute does
contain what is essentially a "grandfather clause" as to Georgia local school boards that have
more than seven members as of July 1, 2010, this statute does express the state's policy
regarding the optimum number of school board members that a local school board should have.

United States Department of Justice
January 19, 2012

Page 4

It is also my understanding from discussing the matter with the Georgia Attorney General's office that such legislation was pre-cleared by the Justice Department.

(c) **Senate Bill 4EX.** As to the new election districts for the Board of Education, there were two public hearings held jointly with the Sumter County Board of Commissioners regarding the new district lines. Those joint public meetings regarding redistricting were held on July 28, 2011 and August 8, 2011. Public notice regarding such meetings appeared in the local legal organ as advertisements on July 25 & 27, 2011 and August 3, 4, & 8, 2011. There were also two public meetings of the Board of Education where the new district lines were discussed by the Board. Those public meetings were held on the following dates: July 27, 2011 and August 11, 2011. The resolution (Exhibit 3) requesting the local legislative delegation to have drafted and introduce local legislation during the 2011 session of the Georgia General Assembly regarding the redistricting was adopted on August 11, 2011. Copies of the proposed new district maps were made available to the public at the Sumter County courthouse and at the office of the local school district. Copies were also displayed at the public meetings where the new maps were discussed. Minutes of the meetings where the school board reviewed and considered the proposed redistricting were taken as required by law and copies of those minutes are included with Exhibit 3. The school board does not keep a record of the names or daytime telephone numbers of any persons making comments to the board except as that information may appear in the attached minutes.

## REQUEST 3.

The following table lists all newspaper coverage from the *Americus Times-Recorder*, the official legal organ of Sumter County. For printouts of the individual articles, please see Exhibit 4.

| DATE | TITLE/DESCRIPTION |
|------|-------------------|
| 6/16/2010 | BOE Considers Downsizing Self |
| 6/19/2010 | Sumter BOE Will Downsize |
| 10/2/2010 | BOE Discusses Its Downsize |
| 11/9/2010 | School Board to Renew ESPLOST for 2012 (contains discussion on BOE downsizing) |
| 11/13/2010 | Sumter BOE OKs Reduction of Members |
| 7/25/2011 | Notice of 7/28/2011 Special Meeting of Board of Commissioners and Board of Education to Discuss Redistricting |
| 7/27/2011 | 2nd Notice of Special Meeting of Board of Commissioners and Board of Education to Discuss Redistricting |

United States Department of Justice
January 19, 2012

Page 5

| DATE | TITLE/DESCRIPTION |
|------|-------------------|
| 7/27/2011 | Reminder of Notice of Special Meeting of Board of Commissioners and Board of Education to Discuss Redistricting |
| 8/1/2011 | Sumter Considers Redistricting: Lines Need Tweaking Since Last Census |
| 8/3/2011 | Notice of 8/8/2011 Special Meeting of Board of Commissioners and Board of Education to Discuss Redistricting |
| 8/4/2011 | 2nd Notice of 8/8/2011 Special Meeting of Board of Commissioners and Board of Education to Discuss Redistricting |
| 8/8/2011 | 3rd Notice of 8/8/2011 Special Meeting of Board of Commissioners and Board of Education to Discuss Redistricting |
| 8/9/2011 | 1st of 2 Public Hearings Held on Redistrict Plan |
| 8/10/2011 | BOC Adopts Resolution to Redistrict |
| 8/13/2011 | BOE Approve Redistricting Plan |

## REQUEST 4.

A list of the current home addresses for each Board member is enclosed as Exhibit 5.

## REQUEST 5.

The primary reason for the new redistricting providing for five (5) districts and two (2) at large districts is based upon the fact that the legislation reducing the number of School Board members from nine to seven requires the school board districts to be the same as the Sumter County Commission districts. That provision requiring that the school board and the county commission be the same was a part of the school board's resolution unanimously adopted by the School Board in late 2010 (Exhibit 2). Requiring the election districts for the two governing bodies to be the same reduces confusion among voters not only on Election Day, but also throughout the year since voters will not be confused as to who their school board members is as a result of confusion with County Board of Education districts. In a relatively small county such as Sumter County, such confusion can easily result where a single voter is residing in county commission District 4 for example, yet the same voter resides in school board District 1. While there are voters who keep up with district numbers and the districts wherein they reside, it is respectfully submitted that most voters do not have the inclination to do so. Making the school board districts and the county commission districts identical as requested by the school board resolves that confusion. Further, it is certainly not uncommon in our area of the state for county commission districts and school board districts to be the same. Lee County has that arrangement, Webster County has that arrangement, and Schley County has that arrangement, as well. There are others, but those are the three counties which border Sumter County on the north, south, and west.

United States Department of Justice
January 19, 2012

Page 6

As to the two at-large districts, it is obvious that if the school board districts are going to be the same as the county commission districts as requested by the school board, then there can only be five districts for the school board. The remaining districts have to be at-large districts for the numbers to work. That is the sole reason that the legislation approved by the General Assembly provided for the two at-large districts. There is certainly no evidence of any racial motive regarding the redistricting plan or in connection with the inclusion of the two (2) at-large districts since, as stated, those are required in order to comply with the request of the board to make the school board districts and the county commission districts the same configuration.

The new district plan also reflects the realities of the population base in Sumter County. Under the 2010 census, Sumter County has a black VAP of 48.43%. Under the new redistricting plan, Sumter County is guaranteed to have two black school board members. There is also one influence district with a black VAP of 44.24%. Finally, as to the two at-large districts, since Sumter County as a whole has a black VAP of 48.43%, those serve as influence districts as well. The fact is that a reduction of members on the school board will result in the membership of the school board being more aligned with the population of Sumter County as a whole. So while it is possible that the redistricting might end up reducing the total number of black members serving on the school district, the current benchmark plan results in the racial make-up of the board not being reflective of the racial makeup of the county as a whole. It is respectfully submitted that such a result, given the benchmark plan and the population realities in Sumter County based upon the 2010 census, there is no retrogression.

Further, it is clear that each race has been treated equally when comparing the benchmark plan based on the 2000 census to the new 2010 plan. In the benchmark plan, there were four majority black districts and five majority white districts. However, it must be kept in mind that the new plan must address the reduction in the total number of members who will be serving on the school board from nine to seven. Under the new plan, which addressed that reduction in membership, the number of "safe" black majority districts has been reduced by two seats, while the total number of "safe" white majority districts has also been reduced by two seats in the new plan. Therefore, under the special circumstances of this redistricting resulting from a reduction in size of the membership of the school board, it is again respectfully submitted that there is no retrogression.

In summary, due to the fact that the Board is reducing its size and redistricting at the same time, this presents a unique situation where what might appear to be "retrogression" at first glance is really not retrogression because of a reduction in the number of seats on the Board. While it is certainly normal procedure to compare the proposed plan with the benchmark plan,

United States Department of Justice
January 19, 2012

Page 7


that comparison does not give a complete picture in this case (you would not be "comparing apples to apples") because of the reduction in the total number of seats on the Board.

As a result, it is respectfully submitted that the legislation regarding the reduction in the number of school board members (Senate Bill 154) and the legislation providing for re-drawn election districts for the school board resulting from the size reduction and from the results of the 2010 decennial census (Senate Bill 4EX) both comply with the letter and the spirit of the Voting Rights Act and are therefore entitled to pre-clearance under that Act.

Thank you for your continued and expedited consideration of this pre-clearance request.

Very truly yours,

James M. Skipper, Jr.

JMSjr:bml
Enclosures

cc:     Hon. Samuel S. Olens, Attorney General of Georgia
        Ms. Linda Ford, Director, Georgia Secretary of State Elections Division
        Dr. Roy Brooks, Superintendent, Sumter County Board of Education