# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| MATHIS KEARSE WRIGHT, JR., : | |
| : | |
| Plaintiff, : | |
| : | CASE NO.: 1:14-CV-42 (WLS) |
| v. : | |
| : | |
| SUMTER COUNTY BOARD OF : | |
| ELECTIONS AND : | |
| REGISTRATION, : | |
| : | |
| Defendant. : | |

## **ORDER**

The Court held a bench trial in the instant action on December 11–14, 2017, to determine whether the method of electing members to the Board of Education in Sumter County, Georgia violated Section 2 of the Voting Rights Act. (Docs. 144–146; 147.) Following the trial, the Court ordered the parties to submit a series of post-trial briefs, including proposed remedial plans. (Doc. 147.) Plaintiff Mathis Kearse Wright, Jr. filed his proposed remedial plans on January 22, 2018. (Doc. 174.) Defendant Sumter County Board of Elections and Registration filed a response on February 5, 2018, (Doc. 176), and Wright then filed a reply on February 14, 2018. (Doc. 180.) In the midst of that briefing, the Court filed an order explaining that a series of motions filed and hearings requested by the parties would prevent it from determining liability and implementing a remedial plan before the scheduled May 2018 elections. (Doc. 179.) It ordered the parties to files briefs no later than February 23, 2018, and no longer than five pages, addressing whether the Court should allow the upcoming election to proceed as planned with the current districts or enjoin the election. (Doc. 179.)

On March 17, 2018, the Court found that the method of elections did indeed violate the Voting Rights Act. (Doc. 198.) On March 26, 2018, the parties filed supplemental briefs regarding remedy proposals. Wright argued that, if the General Assembly failed to enact a

1

remedial plan before adjourning, the Court should enact a remedial plan as an interim remedy and move the election date to November 6, 2018. (Doc. 199 at 1.) Sumter County suggested the Court leave the May 2018 election in place and permit the Assembly to enact a plan in 2019. (*Id.* at 29.)

On March 30, 2018, Wright filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 202.) He informed the Court that, in the absence of an injunction, absentee ballots might begin being distributed on April 3, 2018. (*Id.* at 4.) The Court construed the filing as one for a permanent injunction. (Doc. 204 at 4.) It granted the motion as follows:

> The Sumter County Board of Education election scheduled for May 22, 2018 is **ENJOINED** and **RESET** for November 6, 2018. Defendant Sumter County Board of Elections and Registration is hereby **ORDERED** to redact the names of school-board candidates by means of a sticker or permanent marker on all ballots distributed for the May 22, 2018 election, include a notice with all ballots for the May 22, 2018 election that the school-board election has been cancelled, or petition the Court prior to distributing any ballots for the May 22, 2018 election of another method by which it intends to inform voters in the May 22, 2018 election that the races for the Sumter County Board of Education ha[ve] been enjoined. Defendant Sumter County Board of Elections and Registration is **ENJOINED** from tabulating the votes cast in the May 22, 2018 election for any position on the Sumter County Board of Education.

(*Id.* at 204 (footnote omitted).) The Court indicated that it would "enter an order no later than July 23, 2018 setting interim boundaries for the new Sumter County Board of Education districts." (*Id* (emphasis removed).) In accordance with the local rules, Sumter County then filed objections to the order. (Doc. 205.) The Court overruled the objections but did clarify that it only intended to enter an ordering concerning the parties' remedial proposals by July 23, 2018. (Doc. 206 at 6.) "The Court is not suggesting it has determined one of Wright's proposed remedial plans will, in fact, be implemented." (*Id.*)

On April 11, 2018, Sumter County filed a notice of appeal as to the Court's injunction, "and all orders forming the basis of or relating to that injunction, including without limitation the Court's order regarding liability." (Doc. 207 (citation omitted).) Two days later, Sumter County moved to expedite the appeal so that the United States Court of

Appeals for the Eleventh Circuit could issue an order before the end of July 2018. Motion to Expedite Appeal, *Wright v. Sumter Cty. Bd. of Elections & Registration*, No. 18-11510 (11th Cir. April 13, 2018). It expressed concern that, if the court did not do so, the November election would take place with whatever plan this Court decided to implement. *Id.* at 14–15. Wright responded to the motion, and in the same response, moved to dismiss the appeal. Wright implied that the County was using the injunction as an impermissible bootstrap to challenge the underlying finding of liability prior to the Court entering judgment, and that the challenge to the injunction was moot. Response in Opposition to the Defendant-Appellant's Motion to Expedite Appeal and Motion to Dismiss, *Wright v. Sumter Cty. Bd. of Elections & Registration*, No. 18-11510 (11th Cir. April 18, 2018). As to the request to expedite, Wright stated:

> The district court has indicated that it intends to issue at least one further remedial order before July 23. (ECF 204 at 7.) The district court has not asked for further briefing, and that order could come at any time. If that order comes down before this appeal is resolved, then additional briefing and perhaps re-argument could become necessary. That is just a waste of resources.

*Id.* at 13.

The Eleventh Circuit first denied the motion to expedite, "without prejudice to the right of either party to seek a stay and/or expedited review upon the district court issuing an order setting interim boundaries for the Sumter County Board of Election districts." (Doc. 212.) The court then summarily denied the motion to dismiss. (Doc. 213.) The appeal remains pending. Wright's brief is due on July 5, 2018.

## **DISCUSSION**

The Court issues this order to inform the parties that it does not intend to adopt any remedial district boundaries while the instant appeal remains pending. Despite the parties' and the Eleventh Circuit's assumptions to the contrary, the Court finds that it lacks jurisdiction to enter any such order.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56,

3

58 (1982). However, the divestment is not absolute. Federal Rule of Civil Procedure 62(c) permits the district court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an appeal to the injunction is pending. There is little case law in the Eleventh Circuit interpreting Rule 62(c), but other circuits have been unanimous in narrowly construing it to "grant only such relief as may be necessary to preserve the status quo pending an appeal where the consent of the court of appeals has not been obtained." *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988); *see Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 819 (5th Cir. 1989) ("Several circuits have held, or at least strongly implied, that the district court may not alter the injunction once an appeal has been filed except to maintain the status quo of the parties pending the appeal."); *Dillard v. City of Foley*, 926 F. Supp. 1053, 1075 (M.D. Ala. 1995) ("The purpose of Rule 62(c) is to allow district courts to retain jurisdiction over a case to maintain the status quo where equity requires it while the case is on appeal."). "The appellate court is entitled to review a fixed, rather than a mobile, record. Additional findings that move the target are disfavored." *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1216 n.11 (9th Cir. 2004) (quotations and citations omitted).

Adhering to those principles, one district court recently refused to consider a request to enjoin one section of an executive order when another section of that same order had already been enjoined and was on appeal. *Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 1315538, at *2 (D. Md. Apr. 10, 2017). Likewise, over two decades earlier, a district court in our circuit addressed the same issue. *See Dillard*, 926 F. Supp. 1053.[1] The court had approved a consent decree directing a city to adopt a specified annexation procedure for surrounding areas because its previous practice had been steeped in racial animus. A notice of appeal was filed, and while pending, a motion was filed to exclude white-majority areas from the new annexation procedure. *Id.* at 1075. The court found that it

---

[1] For reasons not clear to the Court, Westlaw includes the order approving the consent decree, the consent decree itself, and the order denying modification in a single document. The Court refers only to the order denying modification, dated February 13, 1996. To assist the parties in finding the case, if they are so inclined, the Court cites the combined document rather than to the less readily accessible docket from a less technologically advanced time.

4

lacked the authority to issue any such order, in part because it "would not maintain the status quo; it would permit the implementation of annexation procedures only in majority African–American Areas and would delay the implementation in majority white Areas for an undetermined period." *Id.* Rule 62(c), the court found, did not permit any such modification. *Id.*

Here, the Court finds that imposing new district boundaries for Sumter County is clearly "involved" with the appeal in this case. The Eleventh Circuit is considering both the Court's underlying liability order and its decision to move the May election to November. A decision on whether to and how to establish the boundaries for the next election is "involved" with those underlying decisions. As Wright admits, the boundaries are so connected to the underlying orders that any subsequent order by the Court would require "additional briefing and perhaps re-argument" in front of the Court of Appeals.

Further, the Court finds that any modification of the injunction to include boundaries for the November election is not permitted by Rule 62(c). The status quo is the boundaries as they currently exist. Any subsequent order has the potential to disrupt that. The Eleventh Circuit has declined to move expeditiously on the appeal and has declined to return jurisdiction to this Court. It is thus owed "a fixed, rather than a mobile, record." *Enforma*, 362 F.3d at 1216 n.11. By Wright's admission, any further order by the Court while the appeal is pending risks wasting the Eleventh Circuit's judicial resources. The Court finds no justification for doing so.[2]

Accordingly, the Court's March 30, 2018 order is **MODIFIED** to remove its self-imposed July 23, 2018 deadline for considering interim boundaries. A series of reset deadlines will be ordered upon remand from the Court of Appeals, if appropriate. Compliance with the Court's March 30, 2018 injunction requires only that the Sumter

---

[2] Rule 62.1(a) permits the Court to defer, deny, or seek remand from the Court of Appeals to consider "a timely motion . . . made for relief that the court lacks authority to grant because of an appeal . . . ." The Court does not believe its own stated intention to consider further injunctive relief can be construed as a "timely motion." However, to the extent it can—and to preempt any unnecessary request from Wright—the Court chooses to defer any such motion. The Court of Appeals was aware that this Court intended to issue an order by July 23, 2018, and chose not to return jurisdiction to the Court by that date. The Court finds no reason to disrupt that decision.

County Board of Education elections previously scheduled for May 22, 2018 be held on November 6, 2018.

**SO ORDERED**, this 21st day of June 2018.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
