IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MATHIS KEARSE WRIGHT, JR., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SUMTER COUNTY BOARD OF : <br> ELECTIONS AND : <br> REGISTRATION, : <br> : <br> Defendant. : <br> _____ : | CASE NO.: 1:14-CV-42 (WLS) |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration filed on February 11, 2020. (Doc. 287.) After the motion was filed, the Court informed the Parties of an error in Map 3 which had been attached to the Court's remedial order. (Doc. 277-1.) The Court ordered that Defendant respond to the motion for reconsideration by February 25, 2020 and that, by the same date, both Parties provide the Court their opinion on whether the attachment can be modified. (Doc. 288.) Both Parties have timely responded. (Docs. 293 & 295.)[1] For the following reasons, Plaintiff's Motion for Reconsideration (Doc. 287) is **GRANTED**.

## BACKGROUND

Plaintiff Mathis Kearse Wright, Jr. brought this action to challenge the method of electing members of the Board of Education in Sumter County, Georgia. (Doc. 1.) On remand, the Court held a bench trial and determined that the voting map for Sumter County Board of Education (the "School Board") "dilute[s] African-American voting strength in violation of Section 2 of the Voting Rights Act of 1965, as amended, 52 U.S.C. § 10301." (Doc. 198 at 37.) After both Parties agreed that Professor Grofman could be appointed as a special master to redraw the districts, the Court ordered the same. (Docs. 254, 261, 267.) On November 22,

---

[1] Reply briefs to motions to reconsider are not allowed. M.D.Ga. L.R. 7.6.

1

2019, Professor Grofman provided the Court his report identifying five remedial plans, each with a colored map. (Doc. 272.) The Parties provided response and reply briefs to the same. (Docs. 268, 269, 270, 271.) The Court then held a public hearing to hear from the Parties, Professor Grofman, and any other interested persons on January 13, 2020. (*See* Docs. 273 & 276.)

During that hearing, four current School Board members spoke and some indicated that the Court should not replace the entire school board at once. (*See* Doc. 290 at 25, 27.) The Court asked counsel for the Parties and Professor Grofman whether they wished to speak further in light of the comments made. Plaintiff's counsel stated that "Dr. Grofman went to some length to . . . avoid pairing of incumbents" and that almost all of the incumbents have an opportunity to be reelected. (Doc. 290 at 37-38.) He stated that none of the plans are "intended to get people out." *Id.* No one specifically stated that they disagreed with the School Board members' suggestion that the entire board should not be replaced at once.

On January 29, 2020, the Court entered a remedial order adopting Professor Grofman's proposed Map 3 and requiring that the School Board elections be conducted in November of even-numbered years, that the School Board members serve staggered four-year terms, and that "Board members for District seats 2, 4, and (formerly at-large) 6, [] remain on the Board until after members are elected to these seats in 2022 and take office effective January 2023." (Doc. 277 at 14.) The following day, January 30, 2020, Defendant appealed the Court's remedial order and the judgment for Plaintiff. (Docs. 279 & 284.)

On February 11, 2020, Plaintiff filed the pending motion to reconsider pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and asked that the Court modify the Order to state that "[a]ll seats on Map 3 shall be on the ballot in the general election to be held in November," that members from Districts 1, 3, 5, and (formerly at-large member elected in 2014) 7 shall serve until January 1, 2023 and the remaining members shall serve until January 1, 2025, and that "[u]ntil a successor is duly elected and qualified, Michael Busman is deemed to be the incumbent in District 6." (Doc. 287-1.) The Court also informed the Parties that "the locations of Districts 2 and 7 are incorrectly interchanged on pages 2 through 4; whereas pages 7 through 13 identify these districts correctly" and asked that the Parties provide

2

their opinion on the Court's ability to correct the map. (Docs. 288 & 289.) The Court also ordered Professor Grofman to provide a proposed revised Map 3, which has been filed. (Doc. 294.) Both Parties agree that the Court can and should correct the numbering in the map. Plaintiff argues that his timely motion to reconsider has tolled the appeal and that the Court can make changes to its prior orders because its judgment is no longer considered final until the motion is resolved. (Doc. 293.) Defendant also agrees that the Court should correct the map because the error therein was inadvertent and non-substantive. (Doc. 295.) However, Defendant opposes Plaintiff's motion to reconsider and asserts that at the final hearing, "Plaintiff agreed that the Court should honor staggered terms." *Id.* at 1.

## **DISCUSSION**

1. **Jurisdiction**

If a party files a motion for relief under Rule 60 no later than 28 days after the judgment is entered in the district court, "the time to file an appeal runs for all parties from the entry of the order disposing of" that motion. Fed. R. App. P. 4(a)(4)(A)(vi). Furthermore, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). In other words, a timely motion for reconsideration "renders an otherwise final decision of a district court not final" for purposes of appeal. *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717 (2019) (citation omitted). Once a timely motion for reconsideration is filed, "the district court has jurisdiction to rule on the motion[] for reconsideration and remand is not necessary." *Nesbitt v. Comm'r, Ga. Dep't of Corr.*, Nos. 19-10506-AA, 19-10530-AA, 2019 U.S. App. LEXIS 11439, at *1 (11th Cir. Apr. 18, 2019). Thus, this Court is authorized to consider Plaintiff's timely motion to reconsider and correct other errors in its remedial order, and Defendant's appeal will resume only once the motion is resolved.

### 2. Motion to Reconsider

Motions for reconsideration are only appropriate under certain circumstances, such as where "reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 U.S. Dist. LEXIS 64825, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). Under Rule 60(b), courts may relieve parties from a final judgment for "mistake, inadvertence, . . . or any other reason that justifies relief." Fed.R.Civ.P. 60(b).

Here, Plaintiff asserts that "[t]he Court's implementation of staggered terms by delaying certain elections until 2022 is plainly an error, albeit likely an unintended one." (Doc. 287 at 3.) Plaintiff argues that "[t]he effect of delaying elections is that African-American voters will only have an opportunity to elect two members to the school board (in Districts 1 and 5) in 2020. . . . [and] that the board will almost certainly retain its 5 white/2 black composition until at least 2023." *Id.* Plaintiff further contends that "in light of the 2020 Census, the Georgia General Assembly will have to redraw the districts in 2021 or early 2022." *Id.* at 4. The Court agrees that it did not intend for the School Board to retain a 5 white/2 black racial composition until 2023. Furthermore, "modifications of a state plan are limited to those necessary to cure any constitutional or statutory defect,"[2] and the Court now concludes that delaying elections for three of the School Board seats until 2022 is not necessary to cure the specific constitutional violation found in this case. As such, amendment of the final remedial order is appropriate pursuant to Rules 59(e) and 60(b).

Defendant's arguments to the contrary are unavailing. Having reviewed the transcript of the remedial hearing, the Court finds that Plaintiff's counsel may not have understood the Court's inquiry into the School Board members' request that the entire board not be replaced at once. Indeed, Plaintiff's counsel stated that it did not appear that staggering terms was a vote dilution mechanism in this case (Doc. 290 at 14-15), but he did not clearly state that elections should be delayed for certain School Board seats, and that issue had not been raised

---

[2] *Upham v. Seamon*, 456 U.S. 37, 43 (1982).

prior to the hearing. Furthermore, Plaintiff's counsel continues to maintain that the Board members' terms should be staggered, but he has now clarified that all Board seats should be up for election in 2020 and that the terms should be staggered thereafter. Under these circumstances, the Court finds that Plaintiff's argument is not waived, that it is correct, and that it is not prejudicial to Defendant. (*Cf.* Doc. 295 at 3.)

Accordingly, the Court finds it appropriate to correct the errors that Plaintiff has identified. The Court will also correct the Map 3 attachment which contains an inadvertent numbering error which was not discovered until after the remedial order was entered. Fed.R.Civ.P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."). Likewise, as the identification of the District 6 incumbent is another non-substantive correction which Defendant has not opposed (*see* Doc. 295), the Court will also clarify that Michael Busman will be deemed the District 6 incumbent until another person is elected to represent that district.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 287) is **GRANTED**. The Court's remedial order (Doc. 277) is hereby amended as follows:

(1) Map 3, which the Court previously attached to its remedial order at Doc. 277-1, is replaced with the revised Map 3 at Doc. 294;

(2) All seats in Map 3 shall be on the ballot in the general election to be held in November 2020;

(3) At the November general election in 2020, members from Districts 1, 3, 5, and 7 (formerly the at-large seat elected to a four-year term in 2014) shall be elected to fill out the remainder of the existing terms under state law, which expire on January 1, 2023, or until their successors are duly elected and qualified. Members so elected shall take office immediately;

(4) At the November general election in 2020, members from Districts 2, 4, and 6 will be elected to a full four-year term. They shall take office on January 1, 2021; and

(5) Until a successor is duly elected and qualified, Michael Busman is deemed to be the incumbent in District 6.

Except as modified by the remedial order (Doc. 277) or this Order, all other provisions of House Bill 836 and other applicable laws shall remain in effect.

The Clerk of Court is **DIRECTED** to return the complete record of this case, including all matters filed and entered to-date, to the United States Court of Appeals for the Eleventh Circuit.

**SO ORDERED**, this 8th day of April 2020.

                                          **/s/ W. Louis Sands**
                                          **W. LOUIS SANDS, SR. JUDGE**
                                          **UNITED STATES DISTRICT COURT**