**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MATHIS KEARSE WRIGHT, JR., <br><br> Plaintiff, <br><br> v. <br><br> SUMTER COUNTY BOARD OF ELECTIONS AND REGISTRATION, <br><br> Defendant. | CIVIL ACTION NO. 1:14-CV-42 (WLS) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
MOTION FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFF'S BILL OF COSTS AND MOTION FOR ATTORNEY FEES**

The day after Defendant filed this Motion, the Eleventh Circuit issued an order truncating remaining briefing in the appeal and expediting oral argument. Order, *Wright v. Sumter Cnty. Bd. of Elections and Registration*, No. 18-11510 (11th Cir. Apr. 30, 2020) ("11th Cir. Order"). Remaining briefing in the appeal, which is supplemental and was requested by Plaintiff, will be completed three weeks from tomorrow. *Id.* The Eleventh Circuit ordered oral argument be expedited, directing the Clerk to place the appeal on the next available argument calendar following completion of supplemental briefing. *Id.* Simply put, the question of whether Plaintiff is even entitled to fees and costs has been fast-tracked on the appellate level. This recent development underscores the prudence in deferring briefing and consideration of Plaintiff's motion for fees and expenses—work that would be substantial and burdensome and rendered wholly unnecessary if the County is to prevail on appeal—until after the appeal process has concluded. For this reason, and those detailed herein and in the County's Motion, the Court should resolve this problem by deferring action on Plaintiff's motion and bill of costs until the appeal is resolved.

### 1. Judicial economy favors deferring Plaintiff's motion.

As the County's Motion explains, there is no good reason to rule on Plaintiff's fee request now because (1) if Plaintiff prevails on appeal, he will certainly file a *second* motion for fees after appeal—and thus it is better to resolve *all* fee issues in one proceeding—and (2) if Plaintiff loses on appeal, he will be entitled to *nothing*—thereby rendering *all* litigation on fees a waste of judicial and party resources.

Plaintiff has no persuasive response. He agrees that "[p]iecemeal" adjudication is "disfavored," Dkt. 310 at 2, but fails to explain why his own request for piecemeal litigation should be countenanced. His response brief fails to address the overriding problem with his approach—that it *guarantees* wasted effort, either by litigating fees he is entitled to in piecemeal fashion or by litigating over fees he is not entitled to at all. Similarly, Plaintiff's refrain that the fee motion should not "result in a second major litigation," *id.* at 1 (quotation marks omitted), cuts against his proposal that the Court engage in *multiple* rounds of briefing on fees, when even *one* round may prove unnecessary.

Plaintiff's focus on the pending Eleventh Circuit matter misses the mark. He is wrong "to believe" that an appeal from fees in this case would be consolidated with the pending case. Dkt. 310 at 2. That case has been expedited, a truncated briefing schedule has been set, and the clerk has been ordered to set the case for the earliest possible argument. There is, then, no reason to believe that the Eleventh Circuit would delay the case to entertain an entirely new round of briefing on attorneys' fees—which will not be necessary to adjudicate the issues before the Eleventh Circuit. That supposed result is exactly the opposite of the path the Eleventh Circuit has already decided to take.

Plaintiff also argues that judicial economy is served by resolving his motion for fees and costs but even the sources cited by Plaintiff support deferral here. First, Plaintiff cites the

2

advisory comment to Rule 54 for the proposition that "[p]rompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." Fed. R. Civ. P. 54 (Advisory Committee Note on the 1993 Amendment). Of course, this fee application was *not* filed "shortly after trial, while the services performed [were] freshly in mind." This case was initiated over 6 years ago, and the trial in this case occurred in 2017. Counsel for Plaintiff and Defendant has changed multiple times including after a terminal illness made it necessary for Defendant's prior counsel to withdraw shortly before trial. Dkt. 130. Needless to say, the "services performed" are not fresh in anyone's mind; none of the current counsel were involved in the case in the beginning and former lead counsel to Defendant is now deceased. Plaintiff's interest in fast resolution of his fee request does not outweigh the interest in avoiding unnecessary or piecemeal litigation.

As Plaintiff conceded in his motion for fees, "[t]his case has a long and complicated procedural history." Dkt. 306 at 2. Reviewing six years of legal fees and expenses through this complicated procedural history, without the benefit of consistent counsel, would take substantial time and resources for Defendant. Resolving any disputes about Plaintiff's motion, including necessary briefing, argument, and judicial deliberation, would take even longer. Even a cursory review of Plaintiff's motion for fees indicates some entries merit additional scrutiny such as entries suggesting a failure by Plaintiff's counsel to satisfy his meet and confer obligations, *see, e.g.*, Dkt. 306-1 at 23 (charging hours of Attorney Sells' time preparing a motion for judicial notice of census data, Dkt. 110, that Defendant did not oppose, Dkt. 113), and Defendant is entitled to defend itself against, among other things, claims that it's "litigation strategy" caused "hours expended by Wright's attorneys," Dkt. 306 at 9-10, and not Plaintiff's counsel's own

strategy,[1] that the County failed to engage in settlement discussions "in good faith," Dkt. 310 at 4, and so on. The problem with doing all of this is that it may prove unnecessary, and, even if it is necessary, it would be better to handle *all* fee issues at one time because all of these problems will surface yet again, in duplicate, after appeal if the Court adopts Plaintiff's approach.

### 2. Plaintiff's other arguments for hasty resolution are unavailing.

Plaintiff argues that the Court should not defer resolution of his fee request because of "the issue of time" and argues that the case "has dragged on long enough." Opp. Br. at 3. But this is a problem of Plaintiff's own making. Plaintiff's counsel made a series of maneuvers in the Eleventh Circuit, beginning in May 2018, to delay the Eleventh Circuit's resolution of that case, including:

- On April 13, 2018, the County moved to expedite the appeal, seeking resolution in summer 2018. Plaintiff opposed that motion. He prevailed. The appeal was not expedited, no decision was rendered that summer.

- Plaintiff then moved to dismiss the County's appeal. He did not prevail, but, on August 19, 2018, the Eleventh Circuit construed Plaintiff's motion as one for a limited-purpose remand, granted that constructive request, and remanded the case. That suspended briefing in the Eleventh Circuit.

- Once the case returned to the Eleventh Circuit in fall 2018, Plaintiff moved again for a limited-purpose remand. Plaintiff did not prevail, but the motion suspended briefing yet again, and Plaintiff did not file his Eleventh Circuit brief until February 1, 2019—a full ten months after the appeal was docketed.

---

[1] *See, e.g.*, Section 2, infra.

- The case was set for oral argument in July 2019. Unsatisfied with the pace of things, Plaintiff moved again for a limited-purpose remand. He prevailed. The case was remanded again, and the oral argument date was cancelled.
- On January 30, this Court issued the ruling that rendered this case ripe for adjudication in the Eleventh Circuit. The County promptly moved to expedite the case again in that court, but Plaintiff filed a Rule 59 motion in this Court, suspending that case yet again for approximately ten weeks.

Now, after Plaintiff successfully stalled the Eleventh Circuit case for over two years—when the County originally asked that it be resolved in summer 2018—Plaintiff complains that the *County* is seeking delay. This is nonsensical and contradictory to Plaintiff's entire appellate strategy. To be clear, Plaintiff was entitled to take the actions he took, which largely succeeded in his self-evident goal of delay. But Plaintiff cannot be heard to complain that the resolution of the Eleventh Circuit case is taking too long, when he requested every single delay that has plagued that appeal.

What's more, Plaintiff did not need to wait to move for fees. Plaintiff's counsel could have given these fee proceedings the time they deserved by filing a motion for fees earlier than last month, at any time after this Court issued the injunction and Defendant appealed over two years ago.[2] Defendant believes that any review of a motion for fees should be deferred until after the appeal process concludes, but an earlier filing by Plaintiff would have at least allowed the

---

[2] Indeed, Plaintiff's own filings reveal a strategic decision to delay seeking fees here. *See, e.g.*, Dkt. 306-1 at 38 (showing entry for April 11, 2018, "received and reviewed notice of appeal (ECF 207) and researched bond issue."). As detailed in Plaintiff's motion for fees, Plaintiff's counsel is a self-described "nationally recognized" "expert" in voting rights litigation and so would understand his right to pursue fees here. Dkt. 306-1 at 3. His decision two years ago to not pursue fees after he received the Court's decision on the injunction, while in the same period researching an appeal bond, should not create an emergency for this Court today.

parties and the Court sufficient time to review the merits of the application before appeal; they do not have that luxury now. These are not "appropriate circumstances" for this Court to expedite the proceedings on Plaintiff's motion for fees and expenses.[3]

Plaintiff's argument that Defendant's appeal is not likely to succeed rings hollow. It is not this Court's role to tell the Eleventh Circuit how to rule, and the Eleventh Circuit's most recent order denied the parties' *joint* request to waive oral argument; the Circuit Court instead ordered oral argument and expedited it. Conjecture is a risky game—and one Plaintiff wrongly invites—but these are not the actions of a court ready to rule in Plaintiff's favor. More importantly, likelihood of success in the appeal is not grounds to order hasty resolution of a fee application that will prove either unnecessary or highly inefficient.

### 3. Requiring unnecessary or piecemeal litigation and a hasty review of Plaintiff's fee application would prejudice Defendant.

Plaintiff claims that "The County will suffer no prejudice from the Court's immediate resolution of the fee motion," but the County would be prejudiced by a Court order expediting its review of 6 years of detailed fee entries, in a procedurally complex case, at a time when the County attorney is addressing needs in a locale hard hit by an ongoing pandemic. It would, needless to say, be prejudicial to litigate a motion that may prove entirely unnecessary, and it would be almost as prejudicial to litigate in piecemeal fashion. Plaintiff does not address this prejudice in his brief.

---

[3] Plaintiff cites the advisory comments to Rule 54 as support for ruling on his fee application in time for appellate review on the merits, but that comment only suggests such a move in "appropriate circumstances." Dkt. 310 at 2; Fed. R. Civ. P. 54 (Advisory Committee Note on the 1993 Amendment) ("It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.").

### 4. Plaintiff has identified no prejudice in deferring resolution of his fee application until, if necessary, after the appeal concludes.

There will be no prejudice to Plaintiff from resolving all fee issues efficiently and effectively, if and only if the issues become ripe after appeal. Most importantly, Plaintiff will not be paid anything until after the Eleventh Circuit appeal, and he does not contend otherwise. As the County's opening brief explained—and Plaintiff does not contest—the County can stay any money judgment pending appeal as a matter of right by posting a supersedeas bond, so Plaintiff will not be paid until the final resolution of the appeal in all events.

Plaintiff's search for prejudice despite this fact only proves that none exists. First, Plaintiff advances the bald speculation that the County might declare bankruptcy. But he presents zero evidence, the County is aware of no facts that would even suggest such a thing, and Plaintiff's guess that a County with a stable tax base is somehow on the verge of a very rare municipal bankruptcy is perplexing. But all that aside, this possibility (if it even were a possibility) has no relevance here: the County could as easily declare bankruptcy before or after the Court's ruling on fees. In fact, Plaintiff would be better served in the event of bankruptcy if the Court delayed issuing a money judgment, because a judgment issued after bankruptcy would have a better chance of not being swept into discharge. *See* 11 U.S.C. § 944(b) (discharge in municipal bankruptcy typically discharges debts existing as of the bankruptcy plan confirmation, but not those arising subsequently).

Second, Plaintiff argues that he will be prejudiced in not resolving his fee application now because the County will not have the incentive of avoiding post-judgment interest to hasten the conclusion of this proceeding. But Plaintiff cites no evidence that the County has acted without the "incentive…to resolve this case quickly." Dkt. 310 at 3. As shown, the County *has* tried to resolve this case quickly; it has moved the Eleventh Circuit on three separate occasions

to expedite the appeal. The party acting with no incentive to resolve the appeal has been *Plaintiff*, and his request here is, apparently, that the Court should further disincentivize him from seeking prompt resolution of the appeal.

For these same reasons, Plaintiff has no cause to complain about any prejudice that might result from the sound decision to litigate fees in an efficient manner. As explained above, but for Plaintiff's appellate maneuvering, the Eleventh Circuit would likely have issued its ruling in summer 2018—two years ago. Plaintiff cannot take the path of delay, delay, and more delay, and then complain of delay. The County, by contrast, has made every effort to advance the appeal to a prompt resolution, and its request that the Court address fees once and for all at the end of the case, when the issue should be decided, is sound.

## CONCLUSION

Defendant respectfully asks that the Court resolve all attorney-fee and costs issues after the appeal and defer future briefing on the topic until that time. In the alternative, Defendant respectfully asks for a three-week extension, from the date of this Court's order on this Motion, to respond to Plaintiff's motion for fees and expenses.

Respectfully submitted by:

s/ Katherine L. McKnight
E. Mark Braden (*pro hac vice*)
Katherine L. McKnight (*pro hac vice*)
Richard B. Raile (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
(202) 861-1500

**ATTORNEYS FOR DEFENDANT SUMTER COUNTY BOARD OF ELECTIONS AND REGISTRATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2020 the foregoing was filed and served pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

s/ Katherine L. McKnight
E. Mark Braden (*pro hac vice*)
Katherine L. McKnight (*pro hac vice*)
Richard B. Raile (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
(202) 861-1500
