# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| MATHIS KEARSE WRIGHT, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO.: 1:14-CV-42 (WLS) |
| v. | : | |
| | : | |
| SUMTER COUNTY BOARD OF ELECTIONS AND REGISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees and Expenses, filed on April 22, 2020. (Doc. 306.) On April 29, 2020, Defendant filed a Motion for Extension of Time to Respond, asking the Court to defer ruling on Plaintiff's motion and bill of costs until after the appeal is resolved or, alternatively, to give Defendant a three-week extension of time to file an opposition to Plaintiff's motion and bill of costs. (Doc. 308.) (Doc. 288.) After Defendant's motion was fully briefed, the Court denied the motion and ordered Defendant's response to Plaintiff's motion for fees and expenses. (Doc. 313.) Defendant timely responded, and Plaintiff timely replied thereto. (Docs. 314 & 317.) For the following reasons, Plaintiff's Motion for Attorney's Fees and Expenses (Doc. 306) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## PROCEDURAL BACKGROUND

Plaintiff Mathis Kearse Wright, Jr. brought this action *pro se* on March 7, 2014 to challenge the method of electing members of the Board of Education in Sumter County, Georgia. (Doc. 1.) Counsel entered appearances for Plaintiff in July 2014. (Docs. 22 & 23.) In 2015, the Court granted summary judgment to Defendant Sumter County Board of Elections and Registration (the "Board of Elections"), and Plaintiff appealed. (Docs. 63 & 64.) Finding

1

that the Court made impermissible credibility determinations, the Eleventh Circuit reversed and remanded this case to this Court. (Doc. 71.)

After conducting a bench trial, the Court issued an order finding that the voting map for Sumter County Board of Education (the "School Board") gives African-American citizens "less opportunity to elect candidates of their choice than" White citizens. (Doc. 198 at 33.) After analyzing the relevant factors, and based on the totality of the circumstances, the Court found that "the at-large districts of the Sumter County Board of Education dilute African-American voting strength in violation of Section 2 of the Voting Rights Act of 1965, as amended, 52 U.S.C. § 10301." (*Id.* at 37.) The Court determined that an alternative election plan would need to be enacted (*id.*) and, thereafter, enjoined the School Board's election scheduled for May 22, 2018. (Doc. 204 at 7.) Defendant appealed that order and the Court's order as to liability. (*See* Docs. 207 & 209.)

The Eleventh Circuit Court of Appeals issued a limited remand authorizing this Court to devise a remedy in time for the school-board election in May 2020. (Doc. 250.) After hearing from the Parties and soliciting their proposals on how the Court should proceed in redrawing the districts, the Court chose the Parties' agreed-upon special-master candidate, Professor Bernard Grofman. (Doc. 261.) On September 23, 2019, the Court entered the Parties' proposed order appointing Professor Grofman as special master, outlining his responsibilities, and requiring that he provide at least one recommended remedial plan containing a color map, demographic data, and a narrative analysis. (Doc. 267.) The Parties' proposed order also provided that Defendant would pay the reasonable costs and expenses incurred by the special master. (Doc. 267 at 6 ¶ 7.) Professor Grofman provided the Court his report identifying five remedial plans (Doc. 272); the Parties filed response and reply briefs to the same (Docs. 268, 269, 270, 271); and the Court held a public hearing to hear from the Parties, Professor Grofman, and any other interested persons on January 13, 2020. (*See* Docs. 273 & 276.)

Following the hearing, on January 29, 2020, the Court entered a remedial order adopting Professor Grofman's proposed Map 3 and requiring that the School Board elections be conducted in November of even-numbered years and that the School Board members serve staggered four-year terms. (Doc. 277 at 14.) The following day, Defendant appealed the

Court's remedial order and the judgment for Plaintiff. (Docs. 279 & 284.) Thereafter, the Court granted Plaintiff's motion to reconsider and modified the remedial order by requiring, *inter alia*, that all seats in Map 3 shall be on the ballot in the general election to be held in November 2020. (Doc. 303.)

Plaintiff now seeks fees and expenses totaling $990,576.09. (Docs. 306 & 317.) Defendant requests that the Court not rule on the fee request until after the Eleventh Circuit resolves its appeal and that, alternatively, the Court should not award more than $386,000 to Plaintiff. (Doc. 314.) Thereafter, on October 27, 2020, the Eleventh Circuit issued a published opinion affirming this Court's liability and remedial orders and finding no clear error therein. (Doc. 318); *see Wright v. Sumter Cty. Bd. of Elections & Registration*, Nos. 18-11510, 18-13510, 20-10394, 2020 U.S. App. LEXIS 33747 (11th Cir. Oct. 27, 2020).

## **DISCUSSION**

Plaintiff seeks attorney's fees and expenses pursuant to 52 U.S.C. § 10310(e)[1], which provides that "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment [] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." "Generally, the prevailing party 'bears the burden of establishing entitlement' to a fee award and proving the reasonableness of the requested fees." *Rath v. Marcoski*, 898 F.3d 1306, 1311 (11th Cir. 2018) (citation omitted).

> Determining a plaintiff's entitlement to attorney fees entails a three-step process. First, a court asks if the plaintiff has "prevailed" in the statutory sense. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). Second, the court calculates the "lodestar," which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area. *See Barnes,* 168 F.3d at 427;[2] *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir.1996). Finally, the court has the opportunity to adjust the lodestar to account for other

---

[1] This provision was previously codified at 42 U.S.C. 1973*l*(e). Moreover, 42 U.S.C. §§ 1973*l* (e) and 1988 similarly provide for fees to be awarded in voting rights act cases, and "the standards for awarding fees under the two provisions are generally the same." *Brooks v. Ga. State Bd. of Elections*, 997 F.2d 857, 860-61 (11th Cir. 1993).

[2] *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

3

> considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done.

*Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). Defendant does not dispute that Plaintiff has prevailed in this case, but instead argues various reasons why Plaintiff's requested fees and expenses are not reasonable and should be discounted. (Doc. 314.) Indeed, it is now clear that Plaintiff has prevailed in not only obtaining a liability order and injunctive relief in his favor, but in obtaining "new district boundaries that plainly remedied the violation." (Doc. 318 at 57.) Thus, the Court finds that Plaintiff's attorneys are entitled to reasonable fees and expenses, and the Court will determine an appropriate fee award under steps two and three of the requisite analysis.

### A. Reasonable hourly rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 911 (11th Cir. 2010) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). The "relevant market" is generally "the place where the case is filed." *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Barnes*, 168 F.3d at 437. What an attorney charges his clients is "powerful, and perhaps the best, evidence of his market rate." *Dillard*, 213 F.3d at 1355. Furthermore, "the district court is entitled to rely on its own experience and judgment in coming to a reasonable hourly rate." *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 713-14 (11th Cir. 2014).

As an initial matter, Plaintiff Wright has filed a declaration stating that he filed this action *pro se* because he was "unable to find a competent attorney to bring this complicated

4

voting-rights action on my behalf," and that the attorneys he initially spoke to in Albany and Atlanta declined the case. (Doc. 306-5 at 1.) Defendant does not challenge Plaintiff's assertion that he was unable to retain competent and willing counsel in the Albany, GA area. (*See* Doc. 314 at 4.) Indeed, Plaintiff's lead counsel has asserted that he took this case on a contingency-fee basis and that incurring almost $500,000 in unpaid fees has been a hardship on him and his family. (Doc. 306-1 at 8-9.) Based on the Parties' representations and the Court's knowledge of counsel in the area, the Court finds that Plaintiff was unable to find local counsel willing and able to represent him in this matter, and that the relevant legal market is Atlanta as explained herein.

Plaintiff seeks fees for five attorneys and two paralegals. Plaintiff's lead counsel Attorney Bryan Sells of Atlanta requests $550 per hour, and Attorney Laughlin McDonald of Atlanta requests $625 per hour. Sells obtained his Juris Doctor in 1998 and then worked as an attorney with the Voting Rights Project of the American Civil Liberties Union ("ACLU") for ten years, followed by the Voting Section of the U.S. Department of Justice for five years, and has had his own firm since 2016 devoted exclusively to voting issues. (Doc. 306-1 at 1-3.) Sells states that his hourly rate has been $550 since 2016, and that although he normally works on a fee-shifting basis, he has been retained and paid $550 per hour by clients across Georgia in voting-rights cases. *Id.* at 5 ¶¶ 18-19. McDonald retired from the ACLU and ended his representation in this case in February 2020, and he seeks compensation at an hourly rate of $625 for 569.2 hours, which is only 60% of the hours he spent on this case. (Doc. 306-2 at 8.) McDonald practiced law for more than 50 years, served as the Director of the ACLU Voting Rights Project, wrote numerous book chapters and articles on voting rights, and argued voting rights cases before the U.S. Supreme Court and several federal appellate courts. *Id.* at 9-14. Plaintiff's counsel asserts that $625 per hour is "consistent with, or below, the market rates of attorneys in the Atlanta area where his office was located," but then cites in support two cases in which McDonald was awarded fees at rates of $450 and $425 hourly. *Id.* at 16. Plaintiff's counsel also cite surveys and reports indicating that their rates are at or below rates of Atlanta law firm partners in various types of cases. (Doc. 306-1 at 6-7; Doc. 306-2 at 7-8.)

Defendant argues that the market rate for plaintiff's side counsel in Atlanta in voting rights cases is between $400 and $450. (Doc. 314 at 4.) Defendant asserts that its retained counsel from Atlanta charged $350 per hour for its most experienced attorneys in this case. *Id.* Defendant also urges the Court not to apply rates from other regions of the country or from non-voting rights cases and asks the Court to apply an hourly rate of $400 for Sells and $450 for McDonald. *Id.* at 5.[3]

Because Plaintiff retained several competent attorneys in Atlanta for this case, the Court finds Atlanta to be the relevant legal market for determining a reasonable hourly rate.[4] "When considering what constitutes a reasonable hourly rate, the court may consider the following factors:"

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins v. Wrap It Up, Inc.*, 380 F. App'x 888, 890 (11th Cir. 2010) (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Although Plaintiff cites reports and cases showing higher billing rates for partners in Atlanta, Plaintiff does not indicate what rates were actually paid to attorneys of similar skill in

---

[3] Attorney Dale Ho is the Director of the ACLU Voting Rights Project and, although he appears to be based out of New York, he requests an hourly rate of $450, which he asserts is a reasonable hourly rate for law firm partners in Atlanta. (Doc. 306-2 at 7-8.) Ho has practiced law full-time since 2006, taught election law, and argued on voting rights issues before circuit courts of appeal throughout the country and before the U.S. Supreme Court. *Id.* at 4-7. The remaining attorneys, Sean Young and Aklima Khondoker, request $375 an hour and $250 an hour, respectively. *See* Doc. 306 at 4. The rates of these attorneys and the paralegals are not challenged by Defendant.

[4] For the same reasons, farther geographic districts such as New York City or Washington D.C. would not be relevant here. *See Barnes*, 168 F.3d at 437.

6

similar cases. Indeed, the Fulton County Daily Report cited by Plaintiff shows that the average rate billed by partners in 2013 was $484 per hour. (Doc. 306-2 at 8.) Overall, Plaintiff's evidence does not show that the rates requested by Sells and McDonald are reasonable here. *See Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 713-14 (11th Cir. 2014) (affirming award below what counsel requested because the evidence "did not 'speak to rates actually billed and paid in similar lawsuits'") (citation omitted). This Court's review of the fees awarded to similar Atlanta-based counsel in similar cases shows that attorneys have not received more than $450 per hour. *See, e.g.*, *Ga. State Conference of the NAACP v. Hancock Cty. Bd. of Elections & Registration*, No. 5:15-CV-00414 (CAR), 2018 U.S. Dist. LEXIS 54155, at *10 (M.D. Ga. Mar. 30, 2018) (a voting rights case where Atlanta-based counsel requested and received up to $350 hourly); *Thomas v. Willis*, No. 1:08-CV-1738-CAP, 2015 U.S. Dist. LEXIS 178620, at *4 (N.D. Ga. May 6, 2015) (reducing Atlanta intellectual property attorneys' requested rates to $400 in this prisoner civil rights case); *Martin v. Augusta-Richmond Cty.*, No. CV 112-058, 2012 U.S. Dist. LEXIS 169099, at *23 (S.D. Ga. Nov. 28, 2012) (awarding Attorney Laughlin McDonald fees in this voting rights case at $300 hourly despite his request of $450 an hour). Considering the Parties' evidence, the Court's experience and judgment, and the *Johnson* factors, *e.g.* the complexity and risk of voting rights cases and the expertise and experience of the attorneys, the Court finds the following hourly rates reasonable here: $450 for McDonald, $425 for Sells, $400 for Ho, $375 for Young, and $250 for Khondoker.

Defendant also asks the Court to completely deduct the time spent by attorneys Ho, Carpenter, Rugg, and Young who Defendant asserts did not appear and did not meaningfully contribute to the case. (Doc. 314 at 16-17.) Both Attorneys Ho and Young did enter appearances on the record as counsel for Plaintiff (Docs. 275 and 305), and both have provided declarations explaining their contributions to this case. "All attorneys who contribute their services to a case may be awarded reasonable attorneys' fees." *Dowdell v. Apopka*, 698 F.2d 1181, 1188 (11th Cir. 1983). They both seek fees for a reasonable number of hours, and therefore, will be awarded for the hours requested.

As to Carpenter and Rugg, both are paralegals who worked with attorneys McDonald and Ho. It is now "'self-evident' that when Congress instructed agencies to award 'attorney . .

7

. fees' to certain parties prevailing . . ., that term was intended to embrace paralegal fees as well. . . . . [I]t follows that fees for paralegal services must be recoverable at prevailing market rates as well.") *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (discussing fees under U.S.C. § 1988 and the Equal Access to Justice Act); *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 285 (1989) (adopting "the self-evident proposition that the 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys"). Thus, the Court will award fees to Carpenter and Rugg at a reasonable hourly rate for paralegals. Little evidence is provided by either Party regarding a reasonable market rate for paralegal fees, but federal courts in Atlanta have deemed rates from $100 to more than $150 reasonable for paralegals. *See*, *e.g.*, *Poole v. Meriwether Cty.*, No. 3:18-cv-56-TCB, 2019 U.S. Dist. LEXIS 135553, at *8 (N.D. Ga. June 21, 2019) (finding $100 per hour "consistent with rates used by this Court for cases in the Atlanta Division" and reducing the paralegal's rate to $100 per hour in this Fair Labor Standards Act case); *Wells Fargo Bank, N.A. v. Airport Mini Mall, LLC*, No. 1:17-cv-04249-AT, 2019 U.S. Dist. LEXIS 224647, at *3 (N.D. Ga. Nov. 22, 2019) (awarding paralegal fees at the requested rate of $159 in this garnishment and breach of contract action).[5] Thus, the Court finds that the requested rate of $110 per hour for the paralegals is reasonable here.

### B. Reasonable number of hours

"[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). "Hours reasonably expended" means "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Id.* "Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight[;]" thus, to reduce hours for being excessive, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Id.*

---

[5] There were few cases determining a reasonable paralegal rate, but considering the complexity of the issues here, the requested paralegal rate is reasonable.

Defendant argues that Plaintiff's hours should be substantially reduced, as outlined below. (Doc. 314.)

### 1. Hours Expended on Unsuccessful Efforts

Defendant contends that the Court should not award fees for Plaintiff's time on the remedial phase or on the original expert report which Plaintiff superseded with a second report. (Doc. 314 at 8-11.) Defendant posits that "[j]ust as 'time spent on unsuccessful claims that are not related to successful claims should be excluded in considering the amount of a reasonable attorney's fee,'[6] time spent on remedial plans that did not materially contribute to those plans . . . should be excluded." *Id.* at 9. The case Defendant quotes is correct. But here, the attorneys' time spent working with Plaintiff's expert to craft remedial plans and prepare an initial report were not only related to Plaintiff's sole claim here but essential for Plaintiff's success in this case. As Defendant is well aware, "[a]s part of any prima facie case under Section Two, a plaintiff must demonstrate the existence of a proper remedy." *Davis v. Chiles*, 139 F.3d 1414, 1419 (11th Cir. 1998). "[T]he absence of an available remedy is not only relevant at the remedial stage of the litigation, but also precludes, under the totality of the circumstances inquiry, a finding of liability." *Dillard v. Baldwin Cty. Comm'rs*, 376 F.3d 1260, 1266 (11th Cir. 2004) (citation omitted). Although the Court ultimately did not enact one of Plaintiff's proposed plans and Plaintiff's expert wisely revised his report, Plaintiff's initial actions in proposing remedial plans and preparing an expert report were necessary and laid the groundwork for Plaintiff's success here. That these efforts were not incorporated into the Court's remedy is not reason enough to discount them. Moreover, "[b]ecause plaintiff's counsel is required to 'explore every aspect of the case, develop all the evidence and present it to the court,' courts have expansively treated claims as being related." *Popham v. City of Kennesaw*, 820 F.2d 1570, 1578 (11th Cir. 1987) (citations omitted). "The theory that fee applications should be dissected into 'winning' and 'losing' hours with the latter being non-reimbursable contradicts the law of this circuit." *Dowdell v. Apopka*, 698 F.2d 1181, 1187 (11th Cir. 1983). "In fixing the fee, the district court should be mindful that in complex civil rights litigation . .

---

[6] *NAACP v. Evergreen*, 812 F.2d 1332, 1335 (11th Cir. 1987).

9

. issues are overlapping and intertwined. . . . The court must consider the relationship of the claims that resulted in judgment with the claims that were rejected and the contribution, if any, made to success by the investigation and prosecution of the entire case." *Id.* (quoting *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir.1981) (en banc)). Thus, the Court will not deduct the hours spent by Plaintiff's counsel on the remedial plans and initial expert report because that time contributed to and was necessary for Plaintiff's success.

### 2. Plaintiff's Line-Item Time Entries

Defendant also asks for substantial reductions of the time entries that were vague, excessive, redundant, unnecessary, or that constitute block billing or billing in excessive increments. (Doc. 314 at 11-15.) Specifically, Defendant argues that Plaintiff's frequent use of vague time entries such as " 'research,' 'miscellaneous trial preparation,' 'trial preparation,' 'bench brief drafting,' and 'more work'" warrant an across-the-board reduction. *Id.* at 12 (citations omitted). Defendant also asks for reduction because tasks that could have been performed by a paralegal or junior associate were performed by the lead attorneys. *Id.* at 15-17. The Court has reviewed the time entries and finds that the vast majority of the entries for Sells, McDonald, Young, and Ho are not vague, unnecessary, or excessive and are not written the way that Defendant characterizes them. For the most part, these attorneys' entries were sufficiently particularized and the time spent appeared reasonable, such that a zealous client or an opposing party, should pay them. Furthermore, McDonald has already reduced his hours by 40%, and Plaintiff has provided persuasive reasoning on Sells' time entries to show that they are reasonable and should be awarded. Defendant quibbles where Plaintiff's attorneys performed work on the same tasks, but "[a]ll attorneys who contribute their services to a case may be awarded reasonable attorneys fees...even where work is partially duplicative" and a "reduction is warranted only if the attorneys are *unreasonably doing the same work*." *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1188 (11th Cir. 1983); *Johnson v. University College*, 706 F.2d 1205, 1208 (11th Cir. 1983) (emphasis in original). The Court cannot find that the attorneys here unreasonably performed the same work. Nor is an attorney "required to record in great detail how each minute of his time was expended.". *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12

(1983). Indeed, "[a] request for attorney's fees should not result in a second major litigation," as it has here; "[i]t is 'perfectly proper to award attorney's fees based solely on affidavits in the records.'" *Gonzalez v. J.C. Penney Corp.*, 209 F. App'x 867, 870 (11th Cir. 2006) (quoting *Norman*, 836 F.2d at 1303). The Court cannot find that these attorneys' time entries are so clearly excessive or unreasonable that a reduction should be applied.[7]

However, the same is not true for Attorney Khondoker's entries which stood out as vague and excessively recorded almost entirely in whole-hours intervals. (Doc. 314-3 at 33-41.) For one entry, Defendant has shown that Khondoker billed for 1 hour for the same conference that Sells billed 0.3 hours. (Doc. 314-3 at 33.) "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *Kenny A. v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008) ("[W]here the billing records are voluminous, as they are here, a district court may make a reasonable across the board reduction in hours instead of engaging in the pick and shovel work necessary to make a more precise determination.") (*vacated on other grounds*). Numerous courts have applied reductions for rounding to quarter-hour intervals. *See, e.g.*, *Ramsey v. Ala. PSC*, CIVIL ACTION NO. 96-T-275-N, 2000 U.S. Dist. LEXIS 5095, at *15 (M.D. Ala. Apr. 13, 2000) ("reducing each time entry recorded in 15-minute intervals by one eighth of an hour"); *Lockwood v. CIS Servs., LLC*, No. 3:16-CV-965-J-39PDB, 2019 U.S. Dist. LEXIS 89102, at *45 (M.D. Fla. May 3, 2019) (reducing hours by 12% because "the practice [of billing in quarter-hour increments]—combined with the practice of block billing—has inhibited reasonableness review, even with the detail otherwise provided"); *Hubbard/Downing, Inc. v. Kevin Heath Enters.*, No. 1:10-cv-1131-WSD, 2014 U.S. Dist. LEXIS 764, at *35 (N.D. Ga. Jan. 6, 2014) (finding that "a reasonable attorneys' fees award requires a significant reduction in hours to reflect the reasonable time that was required to litigate the issues in this case" where, among other things, counsel billed in hour or half-hour increments). Here, the vast majority of Khondoker's entries are vague and appear to be rounded to a whole

---

[7] Moreover, Defendant's citations to other district courts regarding reductions for inappropriate use of senior attorney time are non-binding here and unpersuasive for the reasons stated herein.

hour; for example, she has numerous entries for "bench brief research," "bench brief drafting," and "trial preparation" for 2, 3, 4, or 5 hours each. (Doc. 317-3 at 33.) Plaintiff has not adequately explained why Khondoker's entries are rounded to a whole hour and not broken into components with more specific explanation of how her time was spent.[8] (*See* Docs. 317 & 317-1 at 33.) The Court finds that a significant across-the-board reduction in hours is warranted by these vague and excessive time entries. *See Hepsen v. J.C. Christensen & Assocs.*, Inc., 394 F. App'x 597, 600-601 (11th Cir. 2010) (affirming reduction of fees by 50% across the board due to "a number of examples of redundant, excessive, or vague entries"); *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001) (affirming magistrate judge's 25% reduction of total hours where voluminous fee record presented did not permit sufficiently precise review of entries with ease); *Perdue*, 532 F.3d 1220 (affirming district court's reduction of 16 percent even though such a reduction may have been excessively charitable to plaintiffs). Thus, the Court will reduce Khondoker's time by 25% and finds that she should be awarded fees for 97.275 hours, totaling $24,318.75.

### 3. Travel Time

Defendant contends that the Court should not award fees to New York-based Attorney Ho for his travel time because Plaintiff obtained competent Atlanta counsel, and it argues that travel time should be awarded at half the attorney's rate for the remaining attorneys. (Doc. 314 at 17-18.) As Plaintiff has replied, Attorney Ho did not bill for his travel time (*see* Doc. 314-3 at 35), so that argument is irrelevant. As to the remaining attorney's travel time, it is well-settled that "[s]ince plaintiff[] had the right to retain more than one attorney, the exclusion of out-of-town counsel's travel time is proper only if it was unreasonable not to hire qualified local counsel." *Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983); *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 714 (11th Cir. 2014) ("[A] fee applicant seeking to recover expenses incurred for retaining non-local counsel generally 'must

---

[8] "The applicant should exercise 'billing judgment' with respect to hours worked, . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983). By not "separately identifying the time spent on each task," Khondoker engaged in block billing, and a reduction of her time is also warranted for this additional reason. *Stavrakis v. Underwriters at Lloyd's London*, 27 Fla. L. Weekly Fed. D 101 (U.S. M.D. Fla. 2018) (citations omitted).

show a lack of attorneys practicing in that place who are willing and able to handle his claims.'") (citation omitted). As the Court has already found, Plaintiff has shown that he was unable to retain local counsel; thus, travel time fees are appropriate here. Some courts in this district have concluded that the rate for travel time "may be reduced if no legal work was performed during travel." *Lambert v. Fulton Cty.*, 151 F. Supp. 2d 1364, 1370 (N.D. Ga. 2000); *cf. Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, No. 2:12-CV-00082-RWS, 2014 WL 2195719, at *5 (N.D. Ga. May 27, 2014) ("[T]he Court also believes that travel time should be compensated at only one-half of an attorney's normal hourly rate. Therefore, [the attorney's] travel time will be compensated, but only at one-half of his approved hourly rate."). But that is not the law in this Court or in the Eleventh Circuit. *See, e.g.*, *Shealy v. City of Albany*, 137 F. Supp. 2d 1359, 1377 (M.D. Ga. 2001) (awarding the requested fees for travel time at the hourly rate). Indeed, "[t]here are no precise rules with respect to travel time," except that the Court must exclude excessive hours or "hours 'that would be unreasonable to bill to a client and therefore to one's adversary.'" *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 714 (11th Cir. 2014) (citation omitted). The Court finds no reason to exclude the time spent by Plaintiff's Atlanta-based attorneys for travel in this case.[9]

### 4. Reasonable expenses

"[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." 52 U.S.C. § 10310. "In determining the costs to be awarded, the district court may tax as costs all reasonable expenses incurred during the course of litigation, with the exception of routine office overhead." *Maner v. Linkan LLC*, 602 F. App'x 489, 494 (11th Cir. 2015); *Chapman v. AI Transport*, 229 F.3d 1012, 1038-39 (11th Cir. 2000) (en banc) (explaining that Federal Rule of Civil Procedure 54(d)(1) creates a presumption that the prevailing party is awarded full costs). "[T]he standard of reasonableness is to be given a liberal interpretation." *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir.

---

[9] Further, as Plaintiff argues, it does not appear that Defendant paid a reduced hourly rate for its own counsel's travel time in this case. *See* Doc. 317-2.

13

1987) (citation omitted). Defendant argues that Plaintiff's request for $88,494.09 in expenses is unreasonable and insufficiently documented. (Doc. 314 at 18-20.) Defendant contends that expert fees for Dr. McBride should be excluded or significantly reduced because no details were provided about his time entries, that travel expenses should be reduced, and that other expenses had no supporting documentation. *Id.*

There is no requirement in this Court that a prevailing party list the precise time entries of its retained experts nor that receipts be filed to recover for reasonable expenses.[10] While such documentation is helpful and preferred, the Court knows how much of Dr. McBride's time was used in this case and has already found that Dr. McBride's reports and testimony were essential for Plaintiff's case regardless of whether they were ultimately adopted by the Court. Dr. McBride's invoices run from January 2015 to December 2019; in other words, from the days before his first expert report was filed to the days after Professor Grofman's report was filed. *See* Docs. 306-2 at 81; 38-1. Indeed, Defendant's numerous challenges to Dr. McBride's testimony and reports caused these expenses to be higher than they otherwise would have been. *See*, *e.g.*, Docs. 42, 97, 106, 200 at 3-12. Furthermore, Dr. McBride's expenses total $50,752.56 (Doc. 306-2 at 81), whereas Defendant has already agreed to pay Professor Grofman $78,000 for his services without complaint (Doc. 306-7). Thus, under the circumstances and considering the record, the Court finds the expenses sought for Dr. McBride's services to be reasonable.

As to the travel expenses, Defendant's challenge largely fails for the reasons already discussed *supra* pp. 12-13. *See also Turner v. Webster*, No. CV 85-P-0157-W, 1986 U.S. Dist. LEXIS 16178, at *4 (N.D. Ala. Dec. 19, 1986) (awarding travel expenses to New York-based counsel in Voting Rights Act case). Here, Plaintiff seeks travel expenses related to depositions for Attorney McDonald, travel to Atlanta for oral argument for Attorney Ho, and for trial-related expenses in Albany. (Doc. 306-2 at 81-82.) With the exception of the expenses for Attorney Ho, the expenses are reasonable and should be fully awarded. However, Plaintiff retained competent counsel in Atlanta, so the Court finds no reason to award travel expenses

---

[10] Although the local rules require receipts for the Bill of Costs, the same is not required when seeking attorney's fees and expenses. *See* M.D.Ga. L.R. 54.1 & 54.2. Moreover, the cases cited by Defendant are non-binding and inapposite here. (Doc. 314 at 18-19).

of $521.36 for Attorney Ho to travel to Georgia from New York. *Supra* pp. 12-13. The other expenses also appear reasonable and not unduly vague or duplicative considering that Plaintiff had multiple attorneys representing him, including at the four-day trial.

## **CONCLUSION**

As the Circuit Court has concluded:

> Civil rights litigants may not be charged with selecting the nearest and cheapest attorney. Neither may civil rights attorneys be charged with being financial efficiency experts. The standard necessarily involves a case-by-case balancing of relevant factors. The guideline on what is includable must be that which is appropriate in the context of the attorney-client relationship, the substantive and procedural nature of the case, and the climate in which the litigation is conducted.

*Dowdell v. Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)

Here, notwithstanding Defendant's line-item objections to the majority of Plaintiff's time and expense entries covering 41 pages, the Court finds that the majority of Plaintiff's entries were reasonable and should be awarded. Defendant has vigorously challenged Plaintiff's legal claims and supporting evidence throughout this six-and-a-half-year-old case, including the instant motion for attorneys' fees and expenses. Thus, Plaintiff's fees and expenses are high– but not unreasonably or excessively so.

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. 306) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Attorneys' fees and expenses are hereby awarded to Plaintiff as follows:

**The Law Office of Bryan L. Sells, LLC**

Attorney: Bryan L. Sells (873.3 hours x $425/hr) $371,152.50

Expenses: $380.20

Subtotal: $371,532.70

**The American Civil Liberties Union Foundation, Inc.**

Attorney: Laughlin McDonald (569.2 hours x $450/hr) $256,140.00

Attorney: Dale Ho (16.2 hours x $400/hr) $6,480.00

Paralegal: Lila Carpenter (131.5 hours x $110/hr) $14,564.00

15

Paralegal: Molly Rugg (60.8 hours x $110/hr) $6,688.00

Expenses: $88,192.53

Subtotal: $386,628.53

**The American Civil Liberties Union Foundation of Georgia, Inc.**

Attorney: Aklima Khondoker (97.275 hours x $250/hr) $24,318.75

Attorney: Sean Young (10.8 hours x. $375/hr) $4,050.00

Expenses: $400.00

Subtotal: $28,768.75

**TOTAL: $786,929.98**

**SO ORDERED**, this 7th day of December 2020.

                                    **/s/ W. Louis Sands**
                                    **W. LOUIS SANDS, SR. JUDGE**
                                    **UNITED STATES DISTRICT COURT**